## ** § 362 INFORMATION COVER SHEET **

JAMES TERREL BRAXTON  13-15810-BTB
DEBTOR  Case No:  MOTION #:
Nationstar Mortgage, LLC As Servicer for U.S. Bank, 7
National Association, As Successor Trustee to Bank of
America, N.A., As Successor to LaSalle Bank, N.A. As
Trustee for the Holders of the Merrill Lynch First
Franklin Mortgage Loan Trust, Mortgage Loan Asset-
Backed Certificates, Series 2007-1  CHAPTER:
MOVANT

---

*Certification of Attempt to Resolve the Matter Without Court Action:*
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but Movant has been unable to do so.
Date:  January __. 2013  Signature:  /s/ Wolfe Thompson
  *Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 4853 White Aspen Ave, Las Vegas NV, 89130
NOTICE SERVED ON: Debtor _____ ; Debtor's counsel _____ ; Trustee _____ ;
DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| Nationstar Mortgage, LLC As Servicer for U.S. Bank, National Association, As Successor Trustee to Bank of America, N.A., As Successor to LaSalle Bank, N.A. As Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1 | |
| 1st:  $165,554.12 | 1st: |
| 2nd: | 2nd: |
| 3rd: | 3rd: |
| 4th: | 4th: |
| Other: | Other: |
| Total Encumbrances:  $165,554.12 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | APPRAISAL or OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note:  $154,400.00 | - |
| Interest Rate:  2.250% | - |
| Duration:  30 years | - |
| Payment per Month:  $1,186.95 | - |
| Date of Default:  April 1, 2007 | - |
| Amount in Arrears:  $36,018.54 | - |
| Date of Notice of Default: | - |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Wolfe Thompson | SUBMITTED BY: |
| | SIGNATURE: |

1

Wolfe Thompson, P.S.
Wolfe Thompson, SBN 6463
6785 S. Eastern Ave. Ste 4
Las Vegas, NV 89119
Telephone: (702) 263-3030
Facsimile: (702) 995-0155
Attorneys for Secured Creditor Nationstar Mortgage, LLC As Servicer for U.S. Bank, National Association, As Successor Trustee to Bank of America, N.A., As Successor to LaSalle Bank, N.A. As Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In Re: | Bankruptcy Case No. 13-15810-BTB |
| --- | --- |
| | Chapter 7 |
| JAMES TERREL BRAXTON, | |
| | NATIONSTAR MORTGAGE, LLC As Servicer for U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TO LASALLE BANK, N.A. AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1 FOR RELIEF FROM AUTOMATIC STAY |
| Debtor. | |
| | (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| | Date: February 18, 2014 |
| | Time: 10:00 AM |

Nationstar Mortgage LLC ("Movant") As Servicer for U.S. Bank, National Association, As Successor Trustee to Bank of America, N.A., As Successor to LaSalle Bank, N.A. As Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1, moves this court for an order terminating the automatic stay of 11 United States Code § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 4853 White Aspen Ave, Las Vegas NV, 89130. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek relief from the automatic stay and foreclose if necessary.

1

On or about July 1, 2013, James Terrel Braxton ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and David A. Rosenberg was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 United States Code §362.

Movant moves this court for relief from stay under 11 United States Code § 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE §362(d)(2).

### NO EQUITY

11 United States Code § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:

§ 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

Id. at 610 (emphasis added).

In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about February 6, 2007, Debtor, for valuable consideration, made, executed and delivered to First Franklin Financial Corp ("Lender") a Note in the principal sum of $154,400.00 (the

2

"Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing April 1, 2007, and continuing until March 1, 2037, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

Subsequently, Lender endorsed the Note in blank, thereby converting the Note to a bearer instrument. As Movant is currently in rightful possession and/or control of the indorsed in blank Note, Movant qualifies as the Note holder with standing to prosecute the instant Motion.

On or about February 6, 2007, the Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 3930 Legend Hills St. Unit 102, Las Vegas NV 89129 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on February 16, 2007, in the Official Records of Clark County, State of Nevada. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

The obligation under the Note is in default as of May 1, 2010, for failure to make payments to Movant. As of August 1, 2013, the principal amount owing under the Note is the approximate sum of at least $165,554.12. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Moreover, the total arrears under the Note are in the approximate sum of $36,018.54, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.  Debtor's statement of intention indicated an intent to surrender the property.

## II.
## RELIEF FROM STAY

### LACK OF EQUITY

Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $74,331.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached hereto as exhibit C and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $74,331.00 |
| Less: | |
| Movant's Deed of Trust | $165,554.12 |
| Costs of Sale (8%) | $5,946.48 |
| Equity in the Property: | ($97,169.60) |

As a result, there is little to no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(2).

### III.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(1).

### CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 United States Code §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

### III.
### EFFORTS TO RESOLVE MATTER WITHOUT LITIGATION

On January 6, 2014, counsel for Movant contacted the chapter 7 trustee via email concerning this matter. No response has yet been received to this contact. Counsel for movant diligently attempted to contact Debtor by telephone but has been unable to do so as of the date of this motion.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

Pursuant to Local Rule 9014(g), a proposed order is attached hereto as exhibit D.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

7. That the requirements of Local Rule 9021 be waived; and

8. For such other and further relief as the court deems just and proper.

Dated:

By: /s/ Wolfe Thompson
Wolfe Thompson, SBN 6463
6785 S. Eastern Ave. Ste 4
Las Vegas, NV 89119
Phone: (702) 263-3030
Fax: (702) 995-0155
Attorney for Nationstar Mortgage, LLC As Servicer for U.S. Bank, National Association, As Successor Trustee to Bank of America, N.A., As Successor to LaSalle Bank, N.A. As Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1