Valerie Del Grosso, Esq.
NV Bar No. 11103
Del Grosso Law, Ltd.
11426 Ogden Mills Drive #101
Las Vegas, NV 89135
702-900-1470
Valerie@DelGrossoLaw.com
Attorney for Phoenix Las Vegas
  Realty Partners, No. 2, LLP

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re James Terrel Braxton, | ) Case No.: BK-S-13-15810-BTB |
|---|---|
| | ) Chapter 7 |
| Debtor. | ) **MOTION TO ENFORCE ORDER SELLING PROPERTY FREE AND CLEAR OF ALL LIENS AGAINST NATIONSTAR MORTGAGE and to SET HEARING TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER** |
| | **Hearing date:** |
| | **Hearing time:** |

COMES NOW Interested Party Phoenix Las Vegas Realty Partners No. 2, LLP ("Phoenix") by and through counsel, Valerie Del Grosso Esq., of Del Grosso Law, Ltd., and hereby files this Motion to Enforce Order Selling Property Free and Clear of All Liens and Setting Hearing to Show Cause for Failure to Comply with Court Order, as follows:

///

///

- 1

**JURISDICTION AND LAW**

The Court has jurisdiction and venue over this Motion pursuant to 11 USC 105, 151, 157, and 363 and 28 USC 1408 and 1409.

It is well-settled that bankruptcy courts have jurisdiction to enforce their own prior orders. *Travelers Indem. Co. v. Bailey*, 557 US 137, 151 (2009); *see also US Lines, Inc. v. GAC Marine Fuels*, 68 BR 690, 695 (Bankr. SDNY 1986)("[bankruptcy courts] have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order"); *Back v. LTV Corp.*, 213 BR 633, 640 (SNDY 1997)(11 USC 105 codifies the bankruptcy court's power to enforce its own orders).

**PROCEDURAL HISTORY OF ORDER**

On July 1, 2013, Debtor James Terrel Braxton filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *Voluntary Petition*, Docket 1, on file herein.

On April 7, 2014, the duly appointed and acting Chapter 7 Trustee filed a Motion to Sell Free and Clear of Liens under Section 363(f) (the "Motion"), with respect to the real property of the Debtor's estate known as 3930 Legend Hills Street, #102,

Las Vegas, Nevada 89129 (the "Property"). *Motion*, Docket 42, on file herein.

On May 30, 2014, having received no opposition to the Motion, the Court entered an Order granting the Motion (the "Order"). *Order,* Docket 51, on file herein.

On June 9, 2014, the Trustee filed his Report of Sale, indicating that the Property had been sold at arms' length to Phoenix, the Interested Party herein. *Report of Sale*, Docket 53, on file herein.

On July 16, 2014, the Trustee moved this Court for authorization to disburse the proceeds of the sale to certain lienholders of the Property, including Nationstar Mortgage, LLC, and the Court granted the Trustee's request by Order dated August 29, 2014, having received no opposition. *Motion and Order*, Dockets 54 and 59, on file herein.

On October 13, 2014, a representative of Phoenix learned from the Trustee that Nationstar Mortgage had cashed the check disbursing the proceeds of sale of the Property. *Email chain*, attached hereto as Exhibit A.

**RECORDED TITLE ISSUES**

On June 4, 2014, the Order of this Court authorizing sale of the property free and clear of all liens, as well as a deed from the Trustee to Phoenix, were recorded on title of the

- 3

Property and made publicly available in records of Clark County. A print-out of the record title is included with this Motion for the Court's convenience as Exhibit B; Phoenix respectfully requests that the Court take judicial notice of the information available in the Clark County Recorder's office and website which would reflect the same information as Exhibit B. *See, e.g., In re Davis*, 312 BR 681, 684 (Bankr. Nev. 2004), *citing Mullis v. US Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Two weeks later, on June 18, 2014, Nationstar Mortgage recorded on the Property's title a Substitution of Trustee in favor of Clear Recon Corp, allowing Clear Recon Corp. to act on its behalf in purportedly collecting the original mortgage obligation. *Id.*

On August 29, 2014, Pite Duncan, LLP, as counsel for Clear Recon Corp., requested a Notice of Breach and Default and of Election to Sell ("Notice of Default") to be recorded on the Property's title. *Id; see also Notice of Default,* attached hereto as Exhibit C.

The Notice of Default makes reference to that scheduled mortgage obligation of the Debtor for the original sum of $154,000.00 for which both Nationstar and Clear Recon Corp., had received notice by virtue of Debtor's Petition for Relief and the Trustee's Motion. *Id.*

- 4

**FALSE REPRESENTATIONS ON TITLE**

Phoenix submits that the Substitution of Trustee dated June 18, 2014, and the Notice of Default constitute "false representations concerning title" within the meaning of Nev. R. Stat. 205.395, in that Nationstar, and including its agent Clear Recon Corp. and Pite Duncan, LLP, were on notice that the mortgage obligation identified in those documents had been extinguished from the Property through the court-ordered sale of the Property to Phoenix and yet still caused recordings to the contrary to be recorded.

False representations on title carry certain civil and criminal penalties and allow private rights of action for awards of fees and costs to property owners when title is not cleared pursuant to a 20-day demand. Nev. R. Stat. 205.395(5).

Furthermore, Nevada law provides that a mortgage company must record discharge of a mortgage within 21 days of payment for the same. Nev. R. Stat. 106.290. Should such release not be recorded, a property owner is entitled to a statutory penalty of $1,000 and fees and costs, through a private right of action. *Id.*

**DEMAND**

On September 25, 2014, demand was made pursuant to Nev. R. Stat. 205.395(5)on Pite Duncan, LLP, Clear Recon Corp., and

Nationstar Mortgage to clear title. *Demand*, attached hereto as Exhibit D.

As of October 15, 2014, the 20 day time frame required by Nev. R. Stat. 205.395(5) has elapsed and Pite Duncan (who requested the recordings), Clear Recon Corp., or Nationstar Mortgage has in any way responded to the demand or otherwise recorded documents to correct their false representations concerning title. *See Record Title,* attached hereto as Exhibit B; *see also Declaration of Valerie Del Grosso, Esq.,* on file herein.

Counsel has attempted two phone calls to Pite Duncan and Clear Recon Corp. (they share a telephone number and physical address) that have not been successful in either reaching a party with authority to resolve the issue or to resolving the issue. *Declaration of Valerie Del Grosso, Esq.,* on file herein.

**REQUEST FOR RELIEF**

Phoenix hereby requests the assistance of the Court in issuing any appropriate order to compel Nationstar and/or Clear Recon Corp. to clear title to the Property in accordance with this Court's Order.

Therefore, Phoenix respectfully requests that this Court set a show cause hearing directing Nationstar Mortgage and Clear Recon Corp. to appear and show cause why they are not in

1 violation of the Court's Order for recording false
2 representations on title after entry of Order by this Court and
3 failing to correct such representations following a 20-day
4 demand for the same.
5
6    Furthermore, Phoenix prays that this Court grant such other
7 and further relief, including damages and fees and costs
8 associated with making this Motion, to which it may be justly
9 entitled by law (Nev. R. Stat. 106.290(2) and 205.395(5)) or
10 equity.

                                   Respectfully submitted this 20th
                                   day of October, 2014.

                                   /s/ Valerie Del Grosso, Esq.
                                   Valerie Del Grosso, Esq.
                                   Del Grosso Law, Ltd.
                                   Attorney for Phoenix Las
                                   Vegas Realty Partners, No. 2,
                                   LLP